■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DEBORAH L. HARRINGTON, on Behalf of SHALLYN E. HARRINGTON et al., Infants, Respondent, v LLOYD J. HARRINGTON, Appellant. — Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered November 16, 1982 in Tompkins County, which awarded temporary custody of two infant children to petitioner, in a proceeding pursuant to CPLR article 70, and directed that all further proceedings concerning custody of the children be conducted in the courts of the State of Virginia. Petitioner and respondent are married but have lived separate and apart since February of 1979. At the time of the separation, the couple's two children, then ages five and three, went with petitioner to reside in Virginia. Separate custody proceedings were then commenced by both parties with respondent filing a petition in Tompkins County Family Court and petitioner filing in the Domestic Relations Court for the City of Roanoke in Virginia. Although petitioner did not initially appear in the New York proceeding, respondent did appear by local counsel in the Virginia proceeding. By order entered April 18, 1979, the Domestic Relations Court of the City of Roanoke found that it had jurisdiction over the question of custody, set the matter down for trial on June 5, 1979, and prohibited either party from removing the two children from the State of Virginia without the court's permission. Despite this order, it appears that respondent had the two children abducted from Virginia on May 30, 1979 and returned to him in New York. This action resulted in the issuance of a misdemeanor abduction warrant for respondent in Virginia which remains outstanding. Although unable to contact her children, petitioner retained New York counsel and filed a cross petition for custody in the proceeding commenced by respondent in Tompkins County Family Court. When respondent did not appear at a scheduled trial date in this proceeding, Tompkins County Family Court heard petitioner's proof and awarded temporary custody of the children to petitioner. Family Court's order, entered October 2, 1979, further directed respondent to produce the children before the court. Respondent did not comply with this directive. After unsuccessfully trying to regain contact with her children for over three years, petitioner applied to a Supreme Court Justice in Tompkins County for a warrant of attachment pursuant to CPLR 7007 directing that the children be brought before the court. The petition admitted that a document entitled a "custody agreement" whereby respondent was given permanent custody of the children was signed by both parties in December of 1981. However, the petition further stated that petitioner's signature on the document was the result of duress and coercion which resulted from a telephone call from respondent advising her that she would never see her children again if she did not sign the agreement. The warrant was signed by the Supreme Court Justice on October 25, 1982 and, following discovery of the children in neighboring Cayuga County, was executed by the Cayuga County Sheriff on November 14, 1982. Inasmuch as November 14 was a Sunday, the matter was adjourned from the Supreme Court Justice's chambers in Tompkins County and the parties directed to appear the following day at the Schuyler County court house where the Justice was conducting a Trial Term. After a summary hearing was conducted pursuant to CPLR 7009, it was determined that respondent's detention of the two children was illegal in that it contravened outstanding court orders from

both New York and Virginia. Accordingly, by order entered November 16, 1982, petitioner was awarded temporary custody of the children and all further proceedings concerning custody and visitation of the children were referred to the courts of the State of Virginia having appropriate jurisdiction. This appeal by respondent ensued. Initially, we reject respondent's contention that he was entitled to written notice of the hearing at least eight days prior to the time it was conducted pursuant to CPLR 7009 (subd [a]). The notice provisions contained in that section are applicable to situations where the detention being reviewed is by virtue of a "mandate". A "mandate" is a writ, process or other written direction issued by a court (General Construction Law, § 28-a) and does not include the purely private "custody agreement" entered into by the parties to this dispute. Equally unpersuasive is respondent's argument that the hearing was improperly held in Schuyler County. CPLR 7004 (subd [c]) states that the writ shall be made returnable in the county where it was issued or in the county where the person is detained. The warrant which commenced the special proceeding in this case was made returnable before the Supreme Court Justice who signed it at his chambers in Tompkins County, the county where it was issued. The matter was then adjourned, without objection, to the place where the Justice who signed the warrant was sitting the following day. In any event, the statues governing where writs under CPLR article 70 are returnable are in the nature of venue provisions which can be waived. Finally, we disagree with respondent's contention that he was denied due process as a result of the manner in which the hearing was conducted. Although not conducted on the record, there is no indication that either party requested that the hearing be recorded and we find nothing in the applicable statutes which compels such treatment (see CPLR 7009; Domestic Relations Law, § 70). To the contrary, the Legislature, recognizing that time is often of the essence in these matters, has authorized the court upon return of a writ of habeas corpus to "proceed in a summary manner * * * and to dispose of the proceeding as justice requires" (CPLR 7009, subd [c]). In our view, that standard has been satisfied in this case. In awarding temporary custody of the two children to petitioner, the court did nothing more than place the parties in the same position they were in prior to the May 30, 1979 abduction of the children. The award of temporary custody created no new legal rights in petitioner since she was already the lawful custodian of the children by virtue of both the existing New York and Virginia court orders. Additionally, the court could properly grant temporary custody to petitioner despite the provisions of the "custody agreement", the validity of which can be tested at a full hearing on the issue of permanent custody. The facts of this case amply support the decision made by the court in refusing to exercise jurisdiction over the issue of permanent custody and directing that the issue be tried in Virginia (see Domestic Relations Law, §§ 75-h, 75-i). Any other decision would have had the effect of rewarding respondent for his actions in abducting the children from Virginia on the eve of the custody hearing in that State (see Domestic Relations Law, § 75-b, subd 1, par [e]). Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.